UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TMT BULK CO., LTD.,

                        Plaintiff,        Case No.: 09 CV 1255 (PKC)

      - against -

CORUS UK LIMITED and CORUS STAAL
BV,

                        Defendants.
------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO VACATE WRIT OF MARITIME ATTACHMENT, RELEASE ATTACHED FUNDS, AND DISMISS THE VERIFIED COMPLAINT**

## PRELIMINARY STATEMENT

Defendants CORUS UK LIMITED ("Corus UK") and CORUS STAAL BV ("Corus Staal") respectfully submit this Memorandum of Law in support of their motion to: (1) vacate the writ of maritime attachment obtained by plaintiff in this case; (2) release the funds attached pursuant to that writ; and (3) dismiss plaintiff's Verified Complaint.

Defendants submit that their motion should be granted because, at the time plaintiff filed its Verified Complaint, they were "found" within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") by virtue of the activities conducted in New York on their behalf by their general agent, Oremco, Inc.

## STATEMENT OF FACTS

The facts upon which this motion is based are set forth in the accompanying Declarations of Michael Grim dated March 24, 2009, and Christopher Carlsen dated March 26, 2009 (the "Grim Declaration," and the "Carlsen Declaration," respectively).

## ARGUMENT

### I

### THE WRIT OF ATTACHMENT SHOULD BE VACATED BECAUSE THE DEFENDANTS ARE "FOUND" WITHIN THIS DISTRICT THROUGH THE PRESENCE OF THEIR GENERAL AGENT

Rule B(1)(a) of the Supplemental Rules provides, in relevant part, that "[i]f a defendant *is not found within the district* ... , a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property – up the amount sued for - in the hands of the garnishees named in the process." *Id.*, (emphasis added).

Supplemental Rule E(4)(f) provides, in relevant part, "[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." At the Rule E(4)(f) hearing, the defendant can attack "the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings." *Sea Transport Contractors, Ltd. v. Industries Chemiques Du Senegal*, 411 F.Supp. 2d 386, 391 (S.D.N.Y 2006)(quotations omitted).

In order to obtain a Rule B attachment, the plaintiff bears the burden of proving that: (1) it has a valid prima facie admiralty claim against the defendant; (2) the defendant is not found in the district; (3) defendant's property can be found within the district; and (4) there is no maritime or statutory bar to the attachment. *Aqua Stoli Shipping Ltd. v. Gardner Smith PTY, Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006). The plaintiff has the burden to show that the attachment should not be vacated. *Id.*, 460 F.3d at n. 5.

### A. The Test for Determining Whether a Defendant is "Found" Within the District

Whether or not a defendant is "found" within a district for purposes of Rule B is analyzed under a two pronged inquiry: "'first, whether [Defendants] can be found within the district in terms of jurisdiction, and second, if so, whether [they] can be found for service of process.'" *STX Panocean (UK) Co., Ltd., v. Glory Wealth Shipping Pte Ltd.*, ___ F.3d ___, ___, 2009 WL 704722 *3 (2d Cir. 2009)(*quoting Seawind Compania S.A. v. Crescent Line, Inc.*, 320 F.2d 580, 582 (2d Cir. 1963)). *See also Ivan Visin Shipping Ltd. v. Onego Shipping & Chartering B.V.*, 2008 WL 839714 *1 (S.D.N.Y. Mar. 31, 2008), *motion for reconsideration denied*, 543 F.Supp.2d 338 (S.D.N.Y. 2008). Whether a defendant is found within the district is determined

3

as of the date the Complaint is filed. *Marimed Shipping, Inc. v. Persian Gulf Shipping Co., Ltd.*, 567 F.Supp.2d 524, 526 (S.D.N.Y. 2008).

Under the first prong of the inquiry, whether a defendant is "found" in a district for jurisdictional purposes depends on whether it is "engaged in sufficient activity in the district to subject it to [*in personam*] jurisdiction, even in the absence of a resident agent expressly authorized to accept process.'" *VTT Vulcan Petroleum v. Langham-Hill Petroleum, Inc.*, 684 F.Supp. 389, 390 (S.D.N.Y. 1988)(*quoting Seawind*, 320 F.2d at 583.). "A defendant can be subject to *in personam* jurisdiction in a district only if the defendant maintains sufficient contacts with the forum state ... so that a finding of jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" *Ivan Visin Shipping*, 2008 WL 839714 at *2 (*quoting Int'l Shoe Co. v. Washington Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). *See also Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000)("Under the Federal Rules of Civil Procedure, a court may exercise general jurisdiction over any defendant 'who would be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district is located, Fed. R. Civ. P. 4(k)(a), provided of course that such an exercise of jurisdiction comports with the Fifth Amendment's Due Process Clause.")

"Under New York law, a foreign corporation is subject to general personal jurisdiction in New York if it is 'doing business' in the state. A corporation is 'doing business' and therefore is 'present' in New York and subject to personal jurisdiction with respect to any cause of action, related or unrelated to the New York contacts, it if does business in New York 'not occasionally or casually, but with a fair measure of permanence and continuity.' In order to establish that this standard is met, a plaintiff must show that a defendant is engaged in 'continuous, permanent, and substantial activity in New York.'" *Wiwa*, 226 F.3d at 95(citations omitted). In assessing whether

jurisdiction lies against a foreign corporation, "both [the Second Circuit] and the New York courts have focused on a traditional set of indicia: for example, whether the company has an office in the state, whether it has any bank accounts or other property in the state, whether it has a phone listing in the state, whether it does public relations work there, and whether it has individuals permanently located in the state to promote its interests. *See e.g., Hoffritz for Cutlery*, 763 F.2d at 58; *Frummer*, 19 N.Y.2d at 537, 281 N.E.2d 41, 227 N.E.2d 851." *Id.*, 226 F.3d at 98.

### B. A Defendant can be "Found" for Purposes of Rule B Through the Presence of its General Agent in the District

The requirements of the two pronged test for being "found" within the district do not necessarily have to be met directly by the defendant-foreign corporation itself. Instead, the requirements can be established through the presence of the defendant's general agent within the district. *Ivan Visin Shipping Ltd. v. Onego Shipping & Chartering B.V.*, 2008 WL 839714 (S.D.N.Y. March 31, 2008).

With respect to the first prong of the test,

> [t]he continuous presence and substantial activities that satisfy the requirement of doing process *do not necessarily need to be conducted by the foreign corporation itself.* In certain circumstances, jurisdiction has been predicated upon activities performed in New York for a foreign corporation by an agent. Under well-established New York law, a court of New York may assert jurisdiction over a foreign corporation when it affiliates itself with a New York representative entity and that New York representative renders services on behalf of the foreign corporation that go beyond mere solicitation and are sufficiently important to the foreign entity that the corporation itself would perform equivalent services if not agent were available.

*Id.* (emphasis added). *See also Klonis v. National Bank of Greece, S.A.*, 492 F.Supp.2d 293, 300 (S.D.N.Y.2007)("Under certain circumstances, a foreign corporation may be subject to general jurisdiction in New York on account of its relationship with a subsidiary that is doing business in

5

the state. Under these theories, the foreign parent is said to be doing business here because a domestic entity is either a 'mere department' or 'agent' of the foreign parent, and so attribution of the subsidiary's contacts to the parent is warranted."); *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir.1998); *BBC Chartering and Logistic GmbH & Co. KG v. Usiminas Mecanica S/A*, 2009 WL 259618 *3 (S.D.N.Y. Feb. 4, 2009).

In determining whether the subsidiary is a "mere department" of the parent, the court must consider four factors: (1) common ownership; (2) financial dependency of the subsidiary on the parent corporation; (3) the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities; and (4) the degree of control over the marketing and operational policies of the subsidiary exercised by the parent. *Jazini*, 148 F.3d at 184-85. The first factor is considered "essential," while the remaining three are "important." *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984).

To establish that a subsidiary is an agent of the parent, it must be shown that the subsidiary "'does all the business which [the parent corporation] could do were it here by its own officials.'" *Jazini*, 148 F.3d at 184.

> Under well-established New York law, a court of New York may assert jurisdiction over a foreign corporation when it affiliates itself with a New York representative entity and that New York representative renders services on behalf of the foreign corporation that go beyond mere solicitation and are sufficiently important to the foreign entity that the corporation itself would perform equivalent services if no agent were available. *See e.g., Frummer v. Hilton Hotels Int'l Inc.*, 19 N.Y.2d 533, 537, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967)(finding jurisdiction over foreign hotel chain based on the activities of affiliated reservations service); *Gelfand v. Tanner Motor Tours, Ltd.*, 385 F.2d 116, 120-21 (2d Cir. 1967)(applying *Frummer* to find jurisdiction over tour operator based on the activities of affiliated travel agent). To come within the rule, a plaintiff need demonstrate neither a formal agency agreement, *see, e.g., New York Marine Managers, Inc. v. M.V. "Topor-1"*, 716 F.Supp. 783, 785 (S.D.N.Y. 1989), nor that the defendant exercised direct control over its putative agent, *see, e.g.,*

6

*Palmieri v. Estefan*, 793 F.Supp. 1182, 1194 (S.D.N.Y. 1992). The agent must be primarily employed by the defendant and not engaged in similar services for other clients. *See, e.g., Miller v. Surf Properties, Inc.*, 4 N.Y.2d 475, 481, 176 N.Y.S.2d 318, 151 N.E.2d 874 (1958)(holding that independent contractors with many clients are not considered agents of their individual clients for jurisdictional purposes.

*Wiwa*, 226 F.3d at 95. *See also Klonis*, 492 F.Supp.2d at 302.

With respect to the second prong of the test - whether the defendant can be found for service of process – "'[i]n admiralty, as under Rule 4[(h)] of the Federal Rules of Civil Procedure, service upon a corporation may properly be effected by service upon an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" *Cantone & Co., Inc. v. Seafrigo*, 2009 WL 210682 * 5 (S.D.N.Y. Jan. 27, 2009)(quoting *Seawind Compania*, 320 F.2d at 582). *See also Ivan Visin Shipping*, 2008 WL 839714 at *3 ("When a company's managing or general agent is present in the district, it is 'immaterial that [the agent] is not expressly authorized by [defendant] to accept service of process on its behalf.'" (citation omitted)).

### C. The Defendants are "Found" in this District for Purposes of Rule B Through the Presence of their General Agent, Oremco, Inc.

In this case, the defendants were found in the district for purposes of Rule B at the time plaintiff's Complaint was filed through the presence of their general agent, Oremco, Inc. ("Oremco"). Oremco has been duly authorized to conduct business in New York, and has been conducting business on a continuous and systematic basis in this District, since 1971. *See* Grim Declaration, ¶¶ 3, 4, 16, 17 and 18; Carlsen Declaration, ¶5. Since that time, Oremco has been acting as a general agent in New York for the defendants. The activities of Oremco's Coal Division are limited exclusively to providing services to the defendants in connection with the purchase and transportation of the coal they require in order to carry out their steel

manufacturing operations. Grim Declaration, ¶¶ 19-23. The defendants closely monitor and supervise Oremco's activities conducted on their behalf, and Oremco's sole source of income is the "commissions" it earns on the coal purchases it handles for the defendants. *Id.*, ¶¶ 23 and 24. Because the coal purchases arranged and coordinated by Oremco are essential to the defendants' steel manufacturing operations, these services "go beyond mere solicitation and are sufficiently important to the [defendants] that the [defendants themselves] would perform equivalent services if [their agent Oremco] were [not] available." *Wiwa,* 226 F.3d at 95.

Oremco's remaining business operations consist entirely of the similar general agent-purchasing function that its Procurement Division performs for Tata Steel, Limited, Tata Motors, Ltd. and Telco Construction Co., Ltd. *See* Grim Declaration, ¶¶ 26 – 34. These companies, like the defendants, all are part of the Tata Group of companies. *Id.*, ¶ 2. Defendant Corus Staal indirectly owns 70% of Oremco through its wholly owned subsidiary, Staalverking en Handel BV, and the remaining 30% is owned by Corus International (Overseas Holdings) Ltd., the parent company of defendant Corus UK, which also is a member of the Tata Group of companies. *Id.*, ¶ 7. Moreover, the selection and appointment of Oremco's officers and directors is controlled by Staalverking en Handel BV and Corus International (Overseas Holdings) Limited. *Id.*, ¶ 35.

Because Oremco does not have any outside customers, and does not have any business function or activities other than the services it provides for the defendants and their three related Tata Group companies, Oremco acts as a general agent for the defendants and its business activities and jurisdictional contacts in this District are attributed to the defendants, making them "found" in this District for purposes of Rule B at the time plaintiff's Complaint was filed. *Ivan Visin Shipping,* 2008 WL 839714; *Klonis,* 492 F.Supp.2d at 300; *Jazini,* 148 F.3d at 184.

Moreover, service of process on the defendants properly can be effected on their general agent in this District, Oremco. *Cantone & Co.*, 2009 WL 210682 * 5; *Ivan Visin Shipping*, 2008 WL 839714 at *3.

Accordingly, because the defendants were "found" within this District at the time the Complaint was filed, the Rule B writ of attachment issued in this case should be vacated.

## CONCLUSION

Defendants respectfully request that their motion be granted and that the writ of maritime attachment be vacated, the funds attached pursuant to that writ be released, and the Verified Complaint dismissed, together with such other and further relief as this Court deems fair and just.

Dated: March 26, 2009
       New York, New York

Respectfully submitted,

By _____
Christopher Carlsen (CC 9628)
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900

Attorneys for Defendants
